IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| ARTHUR CLEMMER | * | |
| --- | --- | --- |
| | * | |
| v. | * | CIVIL No.: AW-09-3235 |
| | * | |
| UNITED STATES OF AMERICA | * | |

*************

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | CRIMINAL No.: AW-05-0277 |
| | * | |
| ARTHUR CLEMMER | * | |

*************

## **MEMORANDUM OPINION**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed by Petitioner, Arthur Clemmer (Doc. No. 31), and a Motion for Entry of Default Judgment (Doc. No. 38). On September 15, 2005, and pursuant to a written plea agreement dated September 13, 2005, Petitioner entered a guilty plea to count I, Unlawful Possession of a Silencer, in violation of 26 U.S.C. §§ 5861(d), 5871, a Class C Felony. A presentence report was ordered and the matter was set down for a sentencing hearing on December 7, 2005. The Court imposed a 120 month sentence of incarceration followed by three years supervised release. Judgment was entered on December 7, 2005. On December 15, 2005, Petitioner filed a notice of appeal, but was dismissed on the Petitioner's own motion on April 6, 2006. Petitioner filed the present § 2255 motion on December 2, 2009. The default motion was filed on May 21, 2010. For the reasons that follow, both motions are DENIED.

Petitioner presents three claims in support of his Motion to Vacate. First, Petitioner asserts that his trial counsel was ineffective thereby depriving him of his Sixth Amendment right

to competent counsel. Second, Petitioner asserts that the District Court erred pursuant to 18 U.S.C. § 3553 by imposing an unreasonable sentence. Last, Petitioner argues that his filing is not untimely barred because 1) the limitations period did not begin to run pursuant to § 2255(f)(4), or, in the alternative, 2) the doctrine of equitable tolling stopped the limitations period from running. The Court ordered the Government to respond to Petitioner's Motion to Vacate, but only as to the timeliness issue. The Government did not respond on time, and, due to this, Petitioner submitted a Motion for Summary Judgment on April 23, 2010, (Doc. No. 35), which the Court denied on May 10, 2010, (Doc. No. 36). In relation to that motion, Petitioner submitted a Motion for Entry of Default Judgment. (Doc. No. 38.) The Government requested an extension of time for its response (Doc. No. 39), which the Court granted on May 25, 2010. (Doc. No. 40.) The Government has responded to Petitioner's Motion to Vacate. (Doc. No. 43.) Petitioner has filed his reply. The Motion to Vacate Pursuant to 28 U.S.C. § 2255 and the Motion for Default Judgment are now ripe for resolution. The Government has clearly participated in the resolution of this matter, and its delay in responding does not rise to the level of default. Thus, Petitioner's Motion for Entry of Default Judgment is DENIED.

The Court also denies the Motion to Vacate as untimely. Federal prisoners have one year to file a petition for post-conviction relief following "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for a writ of certiorari must be filed within 90 days following the appellate court's judgment. *Id.*

Here, the Fourth Circuit dismissed the Petitioner's appeal on April 4, 2006, giving him until July 3, 2006, to file a petition for a writ of certiorari. This means that July 3, 2007, was the

deadline for seeking post-conviction relief under § 2255. Petitioner's petition, filed December 2, 2009, is well after this date, and therefore is untimely.

Petitioner relies on the language of § 2255(f)(4) to argue that the filing period for his petition did not begin to run by the time he filed. Subsection (f)(4) states that the limitations period does not begin to run until "the date on which the facts supporting a claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner claims that he was unaware that § 2255 was the proper mechanism with which to bring an ineffective assistance of counsel claim, and that once he discovered this he "moved quickly and diligently" with his § 2255 petition. (Doc. No. 31 at 9-10.) This subsection of § 2255 is unavailing, however, because the type of "fact" § 2255(f)(4) refers to is a fact concerning the underlying claim, not the "fact" of § 2255's existence or relevance to the petitioner's claims. Petitioner does not claim that he could not have discovered facts related to his underlying claim of ineffective assistance of counsel, therefore subsection (f)(4) is inapplicable.

In addition, contrary to Petitioner's assertions, equitable tolling is not applicable to this case. It is certainly true that "§ 2255's limitation period is subject to equitable modifications such as tolling." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). Equitable tolling, however, is an "extraordinary remedy" that is "sparingly granted," *id.* (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)), applicable in only rare circumstances. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The Fourth Circuit has stated that it believes "that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th

Cir. 2000). To invoke the doctrine of equitable tolling for an otherwise untimely petition, the petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246.

Petitioner argues that equitable tolling should apply in this case. He states that he relied on the incorrect advice of a "jail-house lawyer" as to what was the proper petition to file for post-conviction relief (Aff. of Pet'r ¶ 7), and also states that his trial attorney never advised him about § 2255 relief (*Id.* ¶ 11). These claims do not rise to the level of extraordinary circumstances external to Petitioner's own conduct. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003)). That is to say, lack of legal knowledge or mistake on the petitioner's part do not warrant equitable tolling, *id.* (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)), because the petitioner's misconception about the law is not an extraordinary circumstance external to his control. *Id.* Thus, Petitioner's claims of legal ignorance and reliance on "jail-house lawyers" are not extraordinary circumstances external to his control where the doctrine of equitable tolling can overcome the statute of limitations set by the legislature. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Petitioner relies on the five factors laid out in *Dunlap v. United States*, and asserts that he can match all such factors to his case. 250 F.3d 1001, 1008-09 (6th Cir. 2001). Even assuming Petitioner can satisfy the *Dunlap* factors, the Court must deny Petitioner's request for equitable tolling. *Dunlap* is a rejection of the "extraordinary circumstances" test endorsed by the Fourth Circuit in *Rouse*. *See Sellers v. Burt*, 168 Fed. App'x 132, 133-34 (8th Cir. 2006) (per curiam)

(holding that the Sixth Circuit's five-factor analysis is an alternative approach to the "extraordinary circumstances" approach used in the Eighth Circuit, thus it had to be denied in petitioner's case). As a result, the *Dunlap* factors are inapposite to the instant action. Accordingly, Petitioner's assertion that his petition was timely filed is incorrect, and the Motion to Vacate must be rejected as a result.

The Court has reviewed the current pleadings and the files relative to the present motion and the underlying criminal case in their entirety. The Court finds that the Motion to Vacate was untimely filed. As a result, the Court will not reach the merits of Petitioner's ineffective assistance of counsel and adequacy of sentence claims. Accordingly, the Motion to Vacate Sentence Pursuant to § 2255 is DENIED.

## Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of § 2255 petition. 28 U.S.C. § 2253(c)(1)(B) (2006). Accordingly, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In this case, the Court has dismissed the petition on procedural grounds. In the context of a habeas corpus proceeding, the Supreme Court has held that when a petition is denied on procedural grounds

> a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where

a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* (emphasis added).

Here, it is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court DENIES a Certificate of Appealability.

A separate order will follow.

<u>  July 29, 2010  </u>  
    Date

<u>          /s/          </u>  
    Alexander Williams, Jr.  
    United States District Judge